Morris E. Spector, J.
This is an action for a declaratory judgment. It is unnecessary to set forth the facts and contentions of the various parties to this controvery, since they have been amply set forth by Mr. Justice Stevens (N. Y. L. J., Oct. 2, 1957, p. 6, col. 8) in his decision denying summary judgment herein.
The question this court must decide is whether there are any contractual relations between plaintiff and Local 816 I. B. T.
Concededly there are contractual relations between plaintiff and Local 707. These come about, locally, due to plaintiff on *692 April 1, 1957 absorbing Mid-States Freight Lines, Inc., which had a contract with Local 707. The contract with Local 707 was for work out of the Port Authority Terminal, New York City. The alleged contract with Local 816 was for work out of the terminal at Maspeth, Long Island.
Plaintiff says it desires to curtail or stop operations out of Port Authority Terminal and desires only to operate out of Maspeth, Long Island.
Plaintiff desires to know which Local it must do business with. It has no preference, but desires to do business with only one of the Locals. Has it a contract with Local 8161 If not, then it must work with Local 707. If it does have such contract, can Local 707 “ follow the work ’ ’ 1
In 1948, Dispatch Motors (New Jersey corporation) had a contract with plaintiff for cartage work out of Maspeth, Long Island. One Harry Glanzberg, was president and owned 50% of the stock. Three others owned the balance of stock. Dispatch Motors owned its equipment, except trailers. It had a contract with Local 816 since 1948 or 1949. It did not work exclusively for plaintiff.
In 1952 the three other stockholders sold their 50% stock to three officers of plaintiff.
In 1954 Dispatch Motors met with financial difficulties. The three officers of plaintiff sold their 50% stock interest to Glanzberg. The equipment was sold to Freight Distributors, Inc. (a Spector affiliate) and Glanzberg sold his franchise to Bay Transportation Go.
Thereafter, a new corporation was organized. Dispatch Express N. Y. Corp. — Glanzberg was elected president and owned all the stock. It entered into collective bargaining agreements with Local 816. It had no equipment. All trucks and trailers were owned and registered under the name of Freight Distributors, Inc. (a Spector affiliate). It operated exclusively for plaintiff. Its supervisory and managerial employees are those of plaintiff. Plaintiff guaranteed retroactive pay for Dispatch Express while wage negotiations were going on. Plaintiff’s supervisory employees sign checks for Dispatch Express. In short, Dispatch Express N. Y. Corp. is but an empty shell. It has no money in its bank account except what plaintiff deposits into it, so as to pay its obligations. While plaintiff is not a signatory to contract with Local 816, it does all hiring and firing of employees. It handles all grievances with Local 816. It awards service awards and safe driving awards to the mem *693 bers of Local 816 and all day-to-day dealings between employer and union are conducted by plaintiff. Glanzberg, its president, gets $100 a week for whatever services he renders, if any. Volume of business does not enter into his compensation. Glanzberg also testified that he had another trucking company in Secaucus, New Jersey, and spent little time at Maspeth.
It is inescapable that plaintiff is the principal (and not necessarily undisclosed) and that Dispatch Express N. Y. Oorp. is its agent. Plaintiff exercises complete dominion and control over Dispatch Express N. Y. Corp. Consequently I find that plaintiff has a contractual obligation with Local 816.
Both Locals are members of Joint Council No. 16. This council was formed for the purpose of labor taking care of its own internecine problems. Action has been taken by said council, in this dispute, but apparently not definitively.
Having determined that plaintiff has a contractual obligation with Local 816, which antedated the plaintiff’s assumption of the Mid-States contract with Local 707, it necessarily follows that all work out of Maspeth, Long Island, must be done through Local 816. If operations at Port Authority cease, Local 707 may not “ follow the work ”. It may not picket the operations of plaintiff or in any wise, directly or indirectly, interfere with the conduct of plaintiff’s business by reason of any of the facts considered in the instant case.
Motion by Local 816 for permission to amend its pleadings as requested, during the course of the trial, upon which decision was reserved, is denied.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment.